■ In the Matter of the Claim of RAYMOND HAUCK, Respondent, v. PILLSBURY FLOUR MILLS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board, filed February 29, 1968, which found that claimant had a continuing causally related permanent partial disability subsequent to March 1, 1966 due to an occupational disease, and that claimant's loss of earnings was attributable to this causally related disability. Prior to his retirement on March 1, 1966, respondent was employed as an oiler and grinder in appellant employer's flour mill. Appellants concede that while thus employed, respondent sustained asthmatic bronchitis with emphysema, a causally related occupational disease, due to grain dust. The sole issue on this appeal is whether respondent was disabled and sustained any loss of earnings subsequent to March 1, 1966 which was causally related to his disability. Appellants contend that claimant was unable to secure employment, not because of any disability, but solely because of his retirement and the absence of available jobs. However, the board found that "claimant's loss of earnings are attributable to the causally related disability and occupational disease resulting from the exposure to the grain dust". The record contains sufficient medical evidence to support the board's conclusion that claimant's occupational disease was a substantial factor in bringing about his loss of earnings. While an award may not be made where reduced earnings are caused by factors other than disability, an award is sustainable if the disability is even a contributory factor. (See *Matter of Wagner* v. *Emile & Robert Beauty Salon*, 27 A D 2d 608.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Greenblott, J.